**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KENNETH POTTER,

Plaintiff,

v. Case No. 8:25-cv-1647-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.
_________________________________/

# OPINION AND ORDER[1]

## I. Status

Kenneth Potter ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for child disability insurance benefits ("CDIB")[2] and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of an auditory processing disorder, attention-deficit/hyperactivity disorder (ADHD), an unspecified learning disorder, bipolar disorder, and depression. Transcript of

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

[2] See 20 C.F.R. § 404.350(a)(5) (providing for "child's benefits on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if . . . [the claimant] is 18 years old or older and ha[s] a disability that began before [he or she] became 22 years old").

Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed August 25, 2025, at 64, 73, 80, 88, 278, 292.

On August 12, 2022, Plaintiff protectively filed applications for CDIB and SSI, alleging a disability onset date of March 11, 2018 in both applications. Tr. at 243-52 (CDIB), 233-42 (SSI).[3] The applications were denied initially, Tr. at 61, 72-79, 102-05, 107 (CDIB); Tr. at 62, 63-71, 118-20, 122 (SSI), and upon reconsideration, Tr. at 87, 88-93, 134-36 (CDIB); Tr. at 80-85, 86, 142-44 (SSI).[4]

On June 7, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[5] Tr. at 36-60. At the time of the hearing, Plaintiff was twenty-four (24) years old. Tr. at 43. On July 26, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-30.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his lawyer. Tr. at 4-5 (Appeals Council exhibit list and order), 231-32 (request for review), 374-75 (brief). On

---

[3] The CDIB application is actually dated July 20, 2022. See Tr. at 252. The SSI application is actually dated July 20, 2022. See Tr. at 242. An application summary is dated August 24, 2022. Tr. at 253. The protective filing date for both the applications is listed in the administrative transcript as August 12, 2022, with an alleged onset date for both applications of March 11, 2018. Tr. at 73, 88 (CDIB), 64, 80 (SSI).

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via videoconference, with Plaintiff's consent. Tr. at 38-39, 228-30, 358.

May 14, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On June 25, 2025, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in: 1) not accounting in the residual functional capacity ("RFC") for marked limitations in understanding, remembering, and applying information; and 2) evaluating the opinion of Gregory Fabiano, Ph.D., a psychological consultative examiner. Plaintiff's Social Security Brief (Doc. No. 11; "Pl.'s Br."), filed September 24, 2025, at 4, 10. On December 9, 2025, Defendant filed a Memorandum of Law in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem.") addressing Plaintiff's arguments.[6]

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the state-agency psychological consultant's opinion (Plaintiff's issue two). On remand, this reconsideration may impact the Administration's consideration of

[6] Plaintiff on December 23, 2025 filed "Plaintiff's Reply to Defendant's Brief" (Doc. No. 16) in which he notifies the Court that he "deems no reply necessary because any reply would simply duplicate arguments made in the original brief."

the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

This inquiry is followed in evaluating CDIB claims, see 20 C.F.R. § 404.1520(b), and in evaluating SSI claims in which the claimant is age 18 or older, see 20 C.F.R. § 416.920(a)(2). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found Plaintiff "had not attained age 22 as of March 11, 2018, the alleged onset date," Tr. at 18, a threshold question in CDIB claims. Next, the ALJ followed the five-step inquiry. See Tr. at 18-30. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 11, 2018, the alleged onset date." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: autism; major depressive disorder; and an anxiety disorder." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform a full range of work at all exertional levels. He can understand, remember, and carryout simple, routine, and repetitive tasks, but not at a production rate. [Plaintiff] can use judgment to make simple work-related decisions. He can interact with supervisors, coworkers, and the public occasionally. [Plaintiff]

> can tolerate few changes in a routine work setting, defined as occasional changes to the worksite and routine.

Tr. at 22 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "has no past relevant work." Tr. at 28 (emphasis and citations omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 28-29. After considering Plaintiff's age ("18 years old . . . on the alleged disability onset date"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Hand Packager," "Industrial Cleaner," and "Package Sorter." Tr. at 28-29 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from March 11, 2018, through the date of th[e D]ecision." Tr. at 30 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff challenges the ALJ's findings regarding examining psychological consultant, Dr. Fabiano. See Pl.'s Br. at 10-15. According to Plaintiff, the ALJ erred in evaluating Dr. Fabiano's opinion by overly relying on its one-time nature and the fact that it was six years old at the time of the Decision, as well as in finding it was inconsistent with the evidence. See id. Responding, Defendant argues the ALJ's evaluation of Dr. Fabiano's opinion was accurate

and supported by substantial evidence. Def.'s Mem. at 11-14.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[8] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not

[8] Plaintiff filed his applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[9]

[9] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she]

(Continued…)

Here, Dr. Fabiano evaluated Plaintiff on May 5, 2018 and issued two detailed reports that same date: a "Psychiatric Evaluation," Tr. at 376-80, and an "Intelligence Evaluation," Tr. at 381-85 (some capitalization omitted). In both reports, Dr. Fabiano concluded:

> [Plaintiff] appears to have moderate limitations in understanding, remembering, and applying simple directions and instructions. [Plaintiff] appears to have marked limitations in his ability to understanding, remembering, and applying complex directions and instructions, and use reason and judgment to make work-related decisions. [Plaintiff] does not appear to have evidence of limitations in his ability to sustain an ordinary routine and regular attendance at work. He appears to have moderate limitations in his ability to interact adequately with supervisors, coworkers, and the public, and regulate emotions, control behavior, and maintain wellbeing. [Plaintiff] appears to have mild-to-moderate limitations in his ability to sustain concentration and perform a task at a consistent pace. [Plaintiff] appears to have mild-to-moderate limitations in his ability to maintain personal hygiene, and appropriate attire. [Plaintiff] does not appear to have evidence of limitation in his ability to have awareness of normal hazards, and take appropriate precautions. Difficulties are caused by distractibility and learning problems.
>
> The results of the examination appear to be consistent with cognitive problems and this may significantly interfere with [Plaintiff's] ability to function on a daily basis.

Tr. at 378-79, 384.

considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

The ALJ, addressing Dr. Fabiano's opinion at step three and in later steps, found as follows:

> In May 2018, the consultant psychologist estimated that [Plaintiff] has borderline to low average intellectual functioning and noted that his general fund of information was limited (Ex. 1F).[[10]]
>
> . . .
>
> There are no intelligence test results in evidence.
>
> . . .
>
> On May 5, 2018, Gregory Fabiano, Ph.D., consultant psychologist, opined that [Plaintiff] did not appear to have limitations in his ability to sustain an ordinary routine and regular attendance at work, or to be aware of normal hazards and take appropriate precautions, but he appeared to have mild-to-moderate limitations in his ability to sustain concentration and perform a task at a consistent pace and to maintain personal hygiene, and appropriate attire, moderate limitations in his ability to interact adequately with supervisors, coworkers, and the public, regulate his emotions, control his behavior, maintain his wellbeing, and understand, remember, and apply simple directions and instructions, and marked limitations in his ability to understand, remember, and apply complex directions and instructions and use reason and judgment to make work-related decisions (Ex. 1F). Dr. Fabiano noted that the results of his examination appeared to be consistent with cognitive problems and might significantly interfere with [Plaintiff's] ability to function on a daily basis (*Id.*). This opinion is unpersuasive. Dr. Fabiano examined [Plaintiff] once so he did not have a good longitudinal view of [Plaintiff's] impairments or functional limitations. Further, this

[10] The ALJ did not refer to Dr. Fabion by name initially, but he cited "Ex. 1F" which contains Dr. Fabion's reports and opinion. <u>See</u> Tr. at 20.

> opinion is more than 6 years old. While Dr. Fabiano's opinion was supported by [Plaintiff] and his grandmother's reports during the examination, the limitations he assessed are inconsistent with the psychiatric record, which showed no persistent subjective complaints or abnormal clinical findings (Ex. 1F-2F; 4F; and 6F-8F).

Tr. at 20, 27.

The ALJ erred with respect to Dr. Fabiano's opinion. First, and most importantly, the ALJ overlooked that Dr. Fabiano performed intelligence testing and summarized the results. See Tr. at 382-83. Dr. Fabiano administered a standardized intelligence measure, the Wechsler Adult Intelligence Scale, Fourth Edition. Tr. at 382. The results of the testing support Dr. Fabiano's opinion regarding Plaintiff's functioning: they show a seventh percentile rank in verbal comprehension; a tenth percentile rank in perceptual reasoning; a first percentile rank in the working memory index scale; a twenty-three percentile rank in processing speed; and a full-scale IQ of 74, with a fourth percentile rank. Tr. at 382-83. Because the ALJ's analysis of Dr. Fabiano's opinion is based on a fundamental misunderstanding that no testing results are in the record, Tr. at 20, the ALJ's analysis cannot stand. Moreover, without explanation, the Court is unable to determine whether the assessed limitations by Dr. Fabiano are "inconsistent with the psychiatric record," as the ALJ found. Tr. at 27. The matter must be reversed and remanded for reconsideration of Dr. Fabiano's opinion.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reevaluate the opinion of examining psychological consultant Dr. Fabiano regarding Plaintiff's mental limitations;

(B) If necessary, address Plaintiff's other argument in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 23, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record